**UNITED STATES of America,**
**Plaintiff,**

v.

**Thomas K. WELCH and David**
**R. Johnson, Defendants.**

**No. 2:00–CR–0324–S.**

United States District Court,
D. Utah,
Central Division.

July 16, 2001.

Richard N. Wiedis, John W. Scott, Richard A. Friedman, Washington, DC, for Plaintiff.

William W. Taylor III, Washington, DC, Max D. Wheeler, Salt Lake City, UT, Michael Goldsmith, Park City, UT, for Defendants.

ORDER

SAM, Senior District Judge.

The court, having carefully considered de novo the oral and written arguments of counsel and being fully informed of the relevant law, enters the following order with respect to defendants' motion to dismiss counts 2 through 5 of the indictment, which charge a violation of the federal Travel Act, 18 U.S.C. § 1952.

Defendants' motion to dismiss counts 2 through 5 of the indictment is granted. The court declines to adopt the Magistrate Judge's Report and Recommendation, dated June 8, 2001, which recommends to this court that defendants' motion to dismiss counts 2 through 5 be denied. Among other reasons, the court's decision is based on the conclusion that the Utah commercial bribery statute, Utah Code Ann. § 76–6–508, the underlying state law defendants allegedly violated or intended to violate, is ambiguous and unconstitutionally vague as applied in this case. Additionally, the court concludes that the cited Utah statute is not a valid predicate for the government's Travel Act charge. The court's reasoning in support of its ruling will be more fully outlined in a detailed memoran-

dum decision to be issued by the court at a subsequent date.

This preliminary ruling is issued in order to accommodate and assist counsel in matters of concern that have been expressed to the court, such as preparation for trial and pending motions which the court and counsel must still address.

Since receipt of the Magistrate Judge's Report and Recommendation filed June 8, 2001, defendants' objections received June 26, 2001, and oral arguments heard on July 9, 2001, the court's focus has been on counts 2 through 5 of the indictment. After issuance of the court's memorandum decision, the court will address the remaining issues raised in defendants' motion to dismiss. The court will determine if oral argument is necessary after review of the relevant pleadings and applicable law.

Based upon this order, the trial date of July 30, 2001 is vacated, to be reset, if necessary, after all dispositive matters have been addressed by the court.

IT IS SO ORDERED.